J-S18015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GINA MARIE ACEVEDO | : | |
| | : | |
| Appellant | : | No. 1279 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 13, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000591-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:           **FILED: JULY 24, 2026**

Appellant, Gina Marie Acevedo, appeals from the August 13, 2025 judgment of sentence entered in the Lancaster County Court of Common Pleas imposing an aggregate sentence of three to six years of incarceration following revocation of her probation. After careful consideration, we agree with Appellant that the court imposed an illegal sentence under the revised sentencing provisions of 42 Pa.C.S. § 9771.[1] Accordingly, we vacate the sentence and remand for resentencing.

The relevant factual and procedural history is as follows. In September 2023, Appellant entered an open guilty plea to two counts of Burglary (Overnight Accommodation/Person Present) and one count of the following crimes: Theft from a Motor Vehicle; Theft by Unlawful Taking; Access Device

---

[1] **See** Act of Dec. 14, 2023, P.L. 381, No. 44 (effective June 11, 2024) ("Act 44").

Fraud; and Criminal Mischief. She received an aggregate sentence of seven years of probation and acceptance into the Lancaster County Mental Health Court program.

According to her probation officer, Appellant had initial success in the Mental Health Court program but also tested positive for cocaine on four occasions and failed to appear for other testing. Trial Ct. Op., 11/12/25, at 3 (unpaginated) (citing N.T. Sent. Hr'g, 8/13/25, at 3-4). The court observed that Appellant "received sanctions/interventions" on seven occasions while participating in the Mental Health Court program, six of which occurred between September 3, 2024, and January 8, 2025. *Id.* On January 8, 2025, the Mental Health Court remanded her to Lancaster County Prison to undergo drug and alcohol evaluation prior to her placement into Blueprints, a drug and alcohol inpatient treatment program.

On March 23, 2025, Appellant's probation officer learned that Appellant had been discharged unsuccessfully from Blueprints and directed Appellant to appear in court on March 26, 2025. When she failed to appear as required, her probation officer sought a *capias* and bench warrant, which the court issued on March 27, 2025.

The Commonwealth did not locate Appellant until May 12, 2025. At a May 14, 2025 hearing, the court discharged Appellant from the Mental Health Court program and ordered a presentence investigation report.

At her August 13, 2025 sentencing hearing, Appellant stipulated to the probation violations alleged. N.T. Sent. Hr'g, 8/13/25, at 2. The violation of

probation ("VOP") court found that Appellant had violated the following conditions: Condition 2 for when her "whereabouts were unknown[;]" Condition 10 based on her unsuccessful discharge from Blueprints; and Condition 12 due to her unsuccessful discharge from the Mental Health Court program. *Id.* at 15-18. Appellant argued, however, that the court should sentence her to only 14 days of incarceration as this was her first technical violation under revised Section 9771(c)(2)(i). *Id.* at 11-12.

The court rejected Appellant's argument, imposing instead an aggregate sentence of three to six years of incarceration, which presumed the applicability of Section 9771(c)(2)(iii), governing third or subsequent technical violations and permitting the imposition of any sentencing alternatives available at the time of initial sentencing. *Id.* at 15-18, 20. Quoting the requirements of Section 9771(c)(1)(iii)(F), the court found that Appellant committed "a technical violation involving an intentional and unexcused failure [to adhere] to recommended programming or conditions on three or more separate occasions, and the defendant cannot be safely diverted from total confinement through less restrictive means." *Id.* at 15-18.

On September 12, 2025, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following question on appeal:

Was a sentence of 3 to 6 years [of] incarceration imposed by the [c]ourt following the revocation of [Appellant's] probation illegal as the [c]ourt imposed a term of imprisonment greater than the maximum allowable term of 14 days pursuant to 42 Pa.C.S. § 9771(c)(2)(i) for a first technical violation of probation?

Appellant's Br. at 8.[2]

Appellant's issue addresses Act 44's revisions to Section 9771(c), which this Court summarized as prohibiting "a sentence of total confinement for a technical violation of probation, subject to delineated exceptions, and impos[ing] specific, relatively short maximum sentences for a period of confinement imposed for a first or second technical violation." *Commonwealth v. Seals*, 353 A.3d 747, 759 (Pa. Super. 2026). As relevant to Appellant, Section 9771(c) provides as follows:

> (c) Limitation on sentence of total confinement.—There is a presumption against total confinement for technical violations of probation. The following shall apply:
>
>> (1) The court may impose a sentence of total confinement upon revocation only if:
>
> * * * *

---

[2] Before this Court, Appellant argues that her sentence is illegal under what she views as a recidivist sentencing scheme of Section 9771(c), given that the case involved the first time that she had been adjudicated for a technical violation. Appellant's Br. at 14-27. The Commonwealth concedes that Appellant's sentence is invalid under this Court's intervening decisions in *Commonwealth v. Seals*, 353 A.3d 747 (Pa. Super. 2026) and *Commonwealth v. Goodwin*, 355 A.3d 445 (Pa. Super. 2026), while urging this Court to reconsider *Goodwin*. Commonwealth's Br. at 6-7. In *Goodwin*, this Court concluded that a VOP court could not sentence a probationer to enhanced sentences under Section 9771(c)(2)(ii) or (iii) at a "first hearing," even if that hearing involved multiple technical violations, without first affording the probationer "the opportunity to conform [her] conduct to law after a first (or second) lesser sentence for a technical violation." *Id.* at 456. As we find *sua sponte* that Appellant's sentence is illegal for other reasons, we decline to address the *Goodwin* issue, which is pending *en banc* review in *Commonwealth v. Ruedas*, 2075-2077 EDA 2024 and *Commonwealth v. Butler*, 300 EDA 2025.

> (iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:
>
> * * * *
>
> > (E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.
> >
> > (F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.
>
> (2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:
>
> > (i) For a first technical violation, a maximum period of 14 days.
> >
> > (ii) For a second technical violation, a maximum period of 30 days.
> >
> > (iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

42 Pa.C.S. § 9771(c).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Morton*, ___ A.3d ___, 2026 WL 1262087 at *3 (Pa. Super.

filed May 8, 2026) (citation omitted). On appeal, we "review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Id.* (citation omitted).

Issues relating to the legality of a sentence may be raised *sua sponte* by this Court, in contrast to challenges to the discretionary aspects of a sentence, which are waived if not preserved. **See Commonwealth v. Coleman**, 226 A.3d 598, 602 (Pa. Super. 2020). To distinguish between the two types of claims, we "consider whether an appellant is challenging the trial court's authority to impose the sentence at issue—a legality challenge—or to the trial court's exercise of that authority—a discretionary aspects challenge." **Seals**, 353 A.3d at 759. "[A] claim that the trial court exceeded its authority by imposing a sentence of total confinement" in violation of the prerequisites of Section 9771(c), governing resentencing following revocation of probation, constitutes a challenge to the legality of the sentence. **Commonwealth v. Potoczny**, 357 A.3d 540, 548 (Pa. Super. 2026).

"We review a challenge to the legality of a sentence de novo and with a plenary scope of review." **Seals**, 353 A.3d at 766. Moreover, where "the trial court's authority is preconditioned on the finding of a triggering fact, the legality of sentence claim includes our de novo review of whether the requisite fact exists." **Id.** at 766-67 (citation and internal quotation marks omitted). As applied in this case, the VOP court's authority to impose a sentence of total

incarceration beyond 30 days requires the triggering fact of "a third or subsequent technical violation."  42 Pa.C.S. § 9771(c)(1)(iii).

The VOP court concluded that the facts of the instant case satisfied Section 9771(c)(1)(iii), which applies to "a third or subsequent technical violation" and permits a court to "impose any sentencing alternatives available at the time of initial sentencing."  **Id.**  The court supported its conclusion by finding that Appellant "failed to adhere to recommended programming or conditions on three or more separate occasions and could not be safely diverted from total confinement through less restrictive means."  VOP Ct. Op. at 3 (referencing 42 Pa.C.S. § 9771(c)(1)(iii)(F) ("Clause F")).  The court recounted that it had found Appellant in violation of Conditions 2, 10, and 12 and opined that Appellant had "committed at least three technical violations that did not stem from the same episode of events constituting separate technical violations."  **Id.** at 3-4 (referencing Clause F).[3]

The VOP court noted that the General Assembly did not define the phrase "same episode of events" for purposes of finding a "technical violation" under Clause F, one of the exceptions for which total incarceration is permitted.  **Id.** at 8-9.  The VOP court found the criteria met in the instant case because Appellant "committed repeated and escalating technical

---

[3] The VOP court appears to equate Clause F's "three or more separate occasions" with the sentencing available for a "third or subsequent technical violation" pursuant to Section 9771(c)(2)(iii).  VOP Ct. Op. at 8-9.  As we find the record does not support a finding that Clause F was satisfied, we do not address the relevance of a finding of "three or more separate occasions" under Clause F for a third violation under Subparagraph (c)(2)(iii).

violations, and her behavior and mental health needs could not be adequately addressed in a community setting." *Id.* at 9. The court recounted that "[d]uring her almost two years in [Mental Health Court], [Appellant] failed to report on multiple occasions, missed numerous drug tests, and tested positive for cocaine on four occasions. She failed to complete her drug treatment program and absconded for over six weeks." *Id.*

In light of our intervening decisions, we find multiple errors with the VOP court's analysis. First, the court appears to rely erroneously on Appellant's prior failures to report and missed drug tests, none of which resulted in a judicial determination of a technical violation. *Id.* at 9. We reject this analysis under our recent decision holding that "in calculating a probationer's technical violations for purposes of [S]ection 9771(c), a VOP court must consider only violating behaviors that were accompanied by a judicial finding that the probationer committed a violation." *Commonwealth v. Oglesby*, 357 A.3d 122, 137 (Pa. Super. 2026).

Second, to the extent the VOP court relied solely upon the three adjudicated violations of Condition 2 (absconding), Condition 10 (unsuccessful discharge from Blueprints), and Condition 12 (unsuccessful discharge from Mental Health Court), the court failed to analyze properly whether those violations satisfied Clause F. We restate the statutory language to aid our analysis:

> The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on **three or more separate occasions** and the defendant cannot

be safely diverted from total confinement through less restrictive means. **For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.**

42 Pa.C.S. § 9771(c)(1)(iii)(F) (emphasis added).

Applying the emphasized language to the instant case, the record demonstrates that the violations stemmed from the same episode of events. Specifically, Appellant's violation of Condition 12—her discharge from Mental Health Court—stemmed from the other two violations: absconding in violation of Condition 2 and her unsuccessful discharge from Blueprints in violation of Condition 10. Thus, we hold the record does not support the court's finding of the triggering fact of a "failure to adhere to recommended programming or conditions on three or more separate occasions" as required for a finding of Clause F, which in turn undermines the VOP court's basis for imposing a sentence for Appellant's third technical violation under Subparagraph (c)(2)(iii). 42 Pa.C.S. § 9771(c)(1)(iii)(F), (2)(iii). Accordingly, we are constrained to vacate the sentence and remand for resentencing for Appellant's single technical violation of Section 9771(c)(1)(iii)(E) due to her absconding.

In light of our remand, we address a critical aspect of the VOP court's analysis, which is inconsistent with our intervening precedent. The VOP court supported its sentence based upon its determination that probation under the Mental Health Court constitutes "a meaningfully different form of supervision from standard probation supervision[.]" VOP Ct. Op. at 2. The court rejected the applicability of Section 9771(c)(2)(iii)'s fourteen-day incarceration

limitation, opining that "if the Court were limited to a fourteen-day sentence, it would undercut the purpose and authority of mental health courts, and treatment courts in general, to ensure that participants meaningfully participate in the program." *Id.* at 4, 9-10 (opining that "it would lead to absurd and unreasonable results if treatment courts were limited to the fourteen-day maximum incarceration").

While the VOP court's views may be relevant for legislative consideration, we direct the court on remand to this Court's statutory analysis in *Seals*, which concluded that Section 9771 applies to treatment court participants: "Nothing about a requirement that [Appellant] participate in a [treatment] court program inherently transforms the nature of the sentence [of probation.]" *Seals*, 353 A.3d at 772. Rather, as a participant in a treatment court program is still sentenced to an "order of probation," Section 9771 "applies to the revocation of that order and the subsequent resentence imposed." *Id.* To the extent the VOP court based its sentence on its conclusion that Section 9771(c) was inapplicable to Mental Health Court participants, we hold that the VOP court erred.

Accordingly, we are constrained to vacate the sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/24/2026